**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

February 14, 2022

LETTER TO COUNSEL:

      RE:    *Tanja M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-21-1255

Dear Counsel:

      On May 21, 2021, Plaintiff Tanja M. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 10 & 11. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Tanja M. protectively filed her application for DIB on June 1, 2018. Tr. 22. She alleged a disability onset date of January 1, 2012. *Id.* Her application was denied initially and upon reconsideration. *Id.* Tanja M. requested an administrative hearing, and a hearing was held on March 12, 2020, before an Administrative Law Judge ("ALJ"). Tr. 41-66. In a written decision dated April 17, 2020, the ALJ found that Tanja M. was not disabled under the Social Security Act. Tr. 19-40. The Appeals Council denied Tanja M.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Tanja M.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Tanja M. had not engaged in substantial gainful activity from the alleged onset date of January 1, 2012, through the date last insured of June 30, 2018. Tr. 24. At step two, the ALJ found that, through the date late insured, Tanja M. suffered from the following severe impairments: spine disorder, depressive disorder, and anxiety disorder. Tr. 25. At step three, the ALJ found that, through the date last insured, Tanja M.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 25-27. The ALJ determined that, through the date last insured, Tanja M. retained the residual

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On January 31, 2022, it was reassigned to me.

functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b) except: frequently climb stairs, ladders, balance, stoop, kneel, crouch, and crawl; should avoid concentrated exposure to hazards and vibration; is able to perform simple, routine, and repetitive tasks; and, occasionally interact with supervisors, co-workers, and the public." Tr. 28.

At step four, the ALJ determined that, through the date last insured, Tanja M. was unable to perform past relevant work. Tr. 31-32. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that, through the date last insured, there were jobs that exist in significant numbers in the national economy that Tanja M. could perform, including "housekeeping, cleaner"; "marker"; and "photocopy machine operator." Tr. 32-33. Accordingly, the ALJ found that Tanja M. was not disabled under the Social Security Act from January 1, 2012, through June 30, 2018. Tr. 33.

Tanja M. argues that this case must be remanded for further proceedings because (1) the ALJ did not account for her moderate limitation in concentrating, persisting, or maintaining pace ("CPP") in the RFC assessment; (2) the ALJ did not explain how, despite her moderate limitation in CPP, she would be able to remain on task for 90% of an eight-hour workday; (3) the ALJ did not evaluate pertinent evidence; (4) the ALJ did not perform a function-by-function assessment of her work-related abilities; and (5) the ALJ did not properly evaluate her subjective complaints. ECF No. 10-1 at 3-16. For the reasons discussed below, however, these arguments are without merit.

First, Tanja M. argues that the ALJ's RFC determination does not account for her moderate limitation in CPP, and thus runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d at 638. ECF No. 10-1 at 9-10. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

As part of the step three analysis, the ALJ found that Tanja M. had a moderate limitation in CPP. Tr. 27. In making this finding, the ALJ noted that Tanja M. "testified that she had problems with concentration." *Id.* "In most examinations, [her] attention and concentration were identified as fair to normal." *Id.* "However, there was some evidence of signs of distractibility. Nevertheless, [Tanja M.] was consistently identified as alert and oriented to time, place, and person in examinations." *Id.* The ALJ also discussed Tanja M.'s ability to concentrate, persist, or maintain

pace later in his decision, noting the March 2019 opinion of Aroon Suansilppongse, M.D., the state agency psychiatric consultant at the reconsideration level who opined that Tanja M. had a moderate limitation in CPP but was "able to carry out simple instructions. Her anxiety and depressive reaction as well as alleged pain/fatigue/headaches would occasionally interfere with her ability for sustained concentration, persistence or for task completion. However, [she] would be able to complete tasks at an acceptable pace." Tr. 31, 116, 122. Dr. Suansilppongse ultimately opined that Tanja M. "has [the] mental capacity for simple work related activity (1-2 steps [sic] tasks) with minimal limitation due to alleged pain/fatigue/headaches." Tr. 123. The ALJ found Dr. Suansilppongse's opinion to be persuasive because it was "consistent with evidence of [Tanja M.'s] depressed and anxious mood, distractibility, and fair judgment and insight" (Tr. 31). *See* 20 C.F.R. § 404.1520c.

The ALJ found that the RFC assessment was supported by "the objective evidence, the opinion evidence, and [Tanja M.'s] own subjective statements regarding her functional abilities." Tr. 31. The ALJ thus "explain[ed] how substantial evidence supports his conclusion as to [Tanja M.'s] CPP abilities in a work setting." *Terri S. v. Saul*, Civil No. DLB-19-3607, 2021 WL 168456, at *2 (D. Md. Jan. 19, 2021) (Boardman, J.), *reconsideration denied sub nom. Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960 (D. Md. Nov. 18, 2021); *see Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations).

The Fourth Circuit's reasoning in *Sizemore* "did not depend upon whether the ALJ 'adopted' a particular medical source opinion in whole or in part." *Terri S.*, 2021 WL 168456, at *3. Rather, the Fourth Circuit in *Sizemore* was concerned with whether substantial evidence supported the ALJ's RFC determination. *Id.*; *see Sizemore*, 878 F.3d at 80-81. "The ALJ's discussion of Dr. [Suansilppongse's] opinion with respect to [Tanja M.'s] work capabilities and her mental limitations makes clear the ALJ relied on substantial evidence in finding that [her] moderate CPP limitation did not require other RFC limitations." *Terri S.*, 2021 WL 168456, at *4 (citing *Sizemore*, 878 F.3d at 81). Because the ALJ applied correct legal standards and made findings supported by substantial evidence, Tanja M.'s argument that remand is warranted under *Mascio* is without merit.

Second, Tanja M. maintains that the ALJ failed to explain how, despite her moderate limitation in CPP, she would be productive or remain on task for 90% of an eight-hour workday. ECF 10-1 at 10-11. The VE testified that an employer would not tolerate off-task behavior more than 10% of the time at work. Tr. 63-64. The ALJ, however, did not ultimately include such a limitation in Tanja M.'s RFC. "Indeed, the 'ALJ is not required to accept the vocational expert's opinion for a hypothetical based on limitations that the ALJ did not include in the [residual functional capacity].'" *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087, at *13 (E.D. Va. Feb. 10, 2021) (alteration in original) (quoting *Prim v. Colvin*, No. 7:14CV00135, 2015 WL

4757104, at *4 (W.D. Va. Aug. 11, 2015)), *report and recommendation adopted*, No. 3:20CV65, 2021 WL 744149 (E.D. Va. Feb. 25, 2021); *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ found that, despite Tanja M.'s moderate limitation in CPP, she retained the ability to perform simple, routine, and repetitive tasks (Tr. 27-28, 31). *See Shinaberry*, 952 F.3d at 121; *Sizemore*, 878 F.3d at 80-81. "Accordingly, the ALJ did not err by failing to explain how [Tanja M.] possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday with only a [ten] percent loss of productivity, because the ALJ did not make such a finding." *Brian S.*, 2021 WL 748087, at *13.

Third, Tanja M. contends that remand is warranted because the ALJ failed to evaluate properly pertinent evidence. ECF No. 10-1 at 11-13. According to Tanja M., the ALJ found persuasive Dr. Suansilppongse's opinion that "[h]er anxiety and depressive reaction as well as alleged pain/fatigue/headaches would occasionally interfere with her ability for sustained concentration, persistence or for task completion" (Tr. 122), but the ALJ "made no mention of, and failed to evaluate the physician's opinions" (ECF No. 10-1 at 12). The Fourth Circuit rejected this reasoning in *Sizemore*, however. *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.).

> In *Sizemore*, the ALJ heavily weighed two medical opinions in which the physicians opined that the plaintiff was moderately limited in several sub-categories considered when evaluating a claimant's concentration, persistence, or pace limitations. The physicians each explained that the plaintiff was nonetheless able to persist while working on simple tasks. The Fourth Circuit thus rejected the plaintiff's argument that the ALJ erred in failing to include all the moderate limitations in the RFC determination because the physicians explained the moderate limitation could be accommodated by a limitation to simple tasks and the ALJ included that limitation in the RFC determination. Plaintiff's argument in this case thus mirrors the argument that the Fourth Circuit has already rejected.

*Id.* (citations omitted); *see Sizemore*, 878 F.3d at 80-81. Remand is thus not warranted on this basis. As for Tanja M's argument that the ALJ failed to address Dr. Suansilppongse's opinion that Tanja M.'s was limited to performing simple, one- to two-step tasks, the Court notes that one of the jobs identified by the VE, "housekeeping, cleaner" (Tr. 33, 62-63),

> involves reasoning level one, which according to the *Dictionary of Occupational Titles* (the "DOT") involves applying "commonsense understanding to carry out simple one- or two-step instructions" and dealing "with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT 323.687-014, 1991 WL 672783. Thus, the ALJ's error, if any, in failing to incorporate a limitation to one- to two-step tasks in the RFC assessment provides no basis for remand.

*Jennifer Anne S. v. Saul*, Civil No. TMD 20-519, 2021 WL 2139432, at *5 (D. Md. May 26, 2021).

Tanja M. also argues that the ALJ failed to evaluate the evidence of her hand impairment and to include any limitation related to her hand impairment in the RFC assessment. ECF No. 10-

4

1 at 12-13. An ALJ, however, "need only support his conclusions with substantial evidence. The ALJ is not required to credit each piece of evidence presented by a claimant. . . . Requiring the ALJ to incorporate further limitations would amount to this Court reweighing the evidence. This Court is not empowered to make findings of fact." *Kenneth L.*, 2021 WL 4198408, at *3 (citation omitted). Tanja M.'s argument on this point is thus also without merit.

Fourth, Tanja M. argues that the ALJ failed to perform a function-by-function assessment of her work-related abilities. ECF No. 10-1 at 13-15. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

The ALJ's decision contains a detailed discussion of the evidence of record, including Tanja M.'s subjective reports of her condition over time, her reported daily activities, treatment notes containing observations of her condition over time, and medical opinions. Tr. 28-31. In addition to summarizing the evidence and explaining the weight that the ALJ assigned to it, the ALJ also explained how the evidence translated into the ALJ's RFC determination. Tr. 30-31. Contrary to Tanja M.'s argument, the ALJ's explanation is sufficient for this Court to conduct its review. Because the ALJ explained how he weighed and considered the evidence, and because substantial evidence supports the ALJ's findings, Tanja M.'s argument on this point is without merit.

Further, in assessing RFC, the ALJ must discuss a claimant's "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)" and must "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96-8p, 1996 WL 374184, at *7. In connection with the ALJ's detailed discussion of the evidence, and after citing the relevant regulations and policy interpretation ruling, *see* Tr. 24, the ALJ determined the work activities that Tanja M. can perform on a full-time basis. Substantial evidence thus supports the ALJ's RFC determination.

Last, Tanja M. argues that the ALJ did not properly evaluate her subjective complaints. ECF No. 10-1 at 3-7. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available

5

evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Tanja M.'s subjective complaints. The ALJ first found that Tanja M.'s severe impairments could reasonably be expected to produce her alleged symptoms. Tr. 28. The ALJ then proceeded to consider Tanja M.'s allegations in concert with the other evidence in the record, including Tanja M.'s statements about her symptoms over time, the extent of her daily activities, the opinion evidence, and the objective evidence in the record. Tr. 26-31. In considering the totality of the evidence, the ALJ explained his finding that Tanja M.'s statements about the severity of her symptoms could not be completely reconciled with other persuasive evidence. Weighing all of the evidence, the ALJ found that Tanja M.'s impairments are not disabling and that she can perform work with the limitations contained in the RFC.

"Where the ALJ did consider [Tanja M.'s] full treatment history, as is clear here, it is not proper on appeal for the Court to reweigh such evidence." *Carollyn S. v. Kijakazi*, Civil Action No. ADC-20-2552, 2021 WL 4170431, at *9 (D. Md. Sept. 14, 2021). And Tanja M. "cannot rely exclusively on subjective evidence to prove that her mental impairments prevent her from working a full eight-hour day." *Carolyn G. v. Kijakazi*, Civil Action No. ADC-20-1363, 2021 WL 2982129, at *5 (D. Md. July 15, 2021). "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Tanja M.'s] alleged symptoms with objective evidence as just one component of the assessment." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) (citation omitted). "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Tanja M.'s] symptoms, this argument is without merit." *Id.* Substantial evidence supports the ALJ's evaluation of Tanja M.'s subjective complaints.

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Tanja M.'s Motion for Summary Judgment (ECF No. 10) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 11) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                Sincerely yours,

                                                /s/
                                              Timothy J. Sullivan
                                              United States Magistrate Judge